# NO. 12-09-00408-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK R. VICKERY,* *EXECUTIVE DIRECTOR OF* *THE TEXAS COMMISSION ON* *ENVIRONMENTAL QUALITY,* *APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *C.M. STANLEY, JR.,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an interlocutory appeal from the denial of a state official's plea to the jurisdiction.[1] C.M. Stanley, Jr. filed a declaratory judgment action in a Gregg County district court against Mark R. Vickery, Executive Director of the Texas Commission on Environmental Quality (TCEQ), seeking a declaration that he is not the owner or operator of the underground storage tank system on his land. Vickery filed a plea to the jurisdiction based on numerous grounds, which the trial court denied. In three issues, Vickery contends the trial court erred in determining that it has jurisdiction over this suit. We reverse and render.

## BACKGROUND

Stanley owns a tract of land in Gregg County and operated a small store on the property from the 1950s until 1995. At some point, A.B. Barfield Distributing, Inc., a bulk petroleum distributor, installed an underground storage tank system on Stanley's property for the purpose of selling gasoline. Barfield went out of business, going into foreclosure in 1988, and finally dissolving in 1990. Barfield abandoned the storage tank system, and no gas was sold on

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008).

1

Stanley's property after that. Stanley closed his store in August 1995. Beginning in 1995, the Texas Natural Resources Conservation Commission, predecessor to TCEQ, maintained that Stanley owned the storage tank system, was in violation of the Texas Water Code and Texas Administrative Code, and owed an administrative penalty. In 2008, Vickery recommended that TCEQ order Stanley to pay an administrative penalty and bring his facility into compliance with the water code. In March 2009, Stanley filed his declaratory judgment action in district court in Gregg County and moved to abate the TCEQ enforcement proceeding during the pendency of the district court declaratory judgment action. The following month, Vickery amended his petition, adding A.B. Barfield Distributing, Inc., Bowie County Distributing Company, Inc., and Arnold B. Barfield, Jr. as respondents. Thereafter, the enforcement proceeding was abated. Stanley filed an amended petition for declaratory judgment, again arguing that he did not own the underground storage tanks. Vickery filed his plea to the jurisdiction, which was later denied. This interlocutory appeal followed.

## STANDARD OF REVIEW

Absent a waiver of sovereign immunity, a state entity cannot be sued.[2] *See* **Tex. Dep't of Transp. v. Jones**, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. **Tex. Dep't of Parks & Wildlife v. Miranda**, 133 S.W.3d 217, 225-26 (Tex. 2004). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. **State v. Holland**, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. **Tex. Dep't of Crim. Justice v. Miller**, 51 S.W.3d 583, 587 (Tex. 2001).

## ULTRA VIRES EXCEPTION

In his first issue, Vickery contends that the trial court did not have jurisdiction over Stanley's declaratory judgment suit because, although Stanley sued him for purported ultra vires

---

[2] Stanley's petition names "Mark R. Vickery, Executive Director of the Texas Commission on Environmental Quality" as the defendant. A suit against a state official in his official capacity actually seeks to impose liability against the governmental unit and is, in all respects other than the name, a suit against the entity. *See* **Tex. A & M Univ. Sys. v. Koseoglu**, 233 S.W.3d 835, 844 (Tex. 2007).

2

acts, he did not allege any act that was, in fact, ultra vires. Therefore, he argues, sovereign immunity bars the suit.

Stanley asserts that, in determining whether his suit falls within the ultra vires exception, the focus is not whether Vickery was acting within his authority to enforce existing state policy. Instead, he argues, the focus should be on whether Vickery was acting outside his authority when he determined that Stanley was the owner of the underground storage tanks on Stanley's land.

**Applicable Law**

The Uniform Declaratory Judgment Act (UDJA) provides a procedural device for deciding matters already within a court's subject matter jurisdiction and does not itself establish subject matter jurisdiction. *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994). Further, the UDJA is not a general waiver of sovereign immunity. *See State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 360 (Tex. App.–Austin 2009, pet. filed). Thus, it cannot be used as a vehicle to obtain declarations having the effect of establishing a right to relief against the state for which sovereign immunity has not been waived. *Id*.

There is, however, an exception to sovereign immunity in cases where a party seeks declaratory relief against state officials who allegedly act without legal or statutory authority. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). A party may employ a declaratory judgment action to intervene in administrative proceedings when an agency is exercising authority beyond its statutorily conferred powers. *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.–Austin 2002, no pet.). To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Heinrich*, 284 S.W.3d at 372. The basis of the ultra vires rule is that when a government official is not following the law, his acts are not acts of the state, the suit is not an action against the state, and immunity is therefore not implicated. *Id*. at 370.

**Analysis**

In order to determine whether Vickery acted within his statutorily conferred powers, we must look to the applicable statutes for the scope of his authorized acts. It is the policy of the state to maintain and protect the quality of groundwater and surface water. TEX. WATER CODE ANN. § 26.341 (Vernon 2008). Chapter 26 of the water code governs water quality control. *See* TEX. WATER CODE ANN. §§ 26.001-.562 (Vernon 2008 & Supp. 2010). TCEQ is the principal

3

authority in the state on matters relating to the quality of water in the state and is responsible for setting water quality standards. TEX. WATER CODE ANN. §§ 26.023, 26.127 (Vernon 2008). In furtherance of the state policy, TCEQ may develop a regulatory program regarding underground and above ground storage tanks in accordance with Chapter 26, Subchapter I of the water code. TEX. WATER CODE ANN. § 26.345 (Vernon 2008). TCEQ or its executive director may institute legal proceedings to compel compliance with provisions of the Texas Water Code. TEX. WATER CODE ANN. § 7.002 (Vernon Supp. 2010).

Owners and operators of underground storage tank systems are responsible for violations of the statutes regulating those systems. *See* TEX. WATER CODE ANN. §§ 7.156, 26.3467, 26.3475, 26.3512 (Vernon 2008). Section 26.342 of the water code provides that an "owner" is a person who holds legal possession or ownership of an interest in an underground storage tank system. TEX. WATER CODE ANN. § 26.342(9) (Vernon 2008). If the actual ownership of an underground storage tank system is uncertain, unknown, or in dispute, the fee simple owner of the surface estate of the tract on which the tank system is located is considered the owner of the system unless that person can demonstrate by legally acceptable means that the tank system is owned by another. *Id*. "Operator" means a person in day-to-day control of and having responsibility for the daily operation of the underground storage tank system. TEX. WATER CODE ANN. § 26.342(8) (Vernon 2008).

Stanley has always maintained that he is not the owner of the tanks on his property, and he contends that Vickery was acting outside his authority by determining that Stanley was the owner. While we recognize the negative impact on one in Stanley's position, we do not agree that the issue before us turns on the question of whether Stanley actually is the owner of the tanks. When Vickery named Stanley as the respondent in the enforcement action, he did not "determine" that Stanley was the owner. Vickery merely *alleged* that Stanley was the owner. The water code authorizes Vickery to use his prosecutorial discretion to pursue enforcement actions against "owners" as that term is defined in the statute. Because the tanks are on Stanley's land and he therefore holds legal possession of the tanks, Stanley falls within the water code's definition of "owner." *See* TEX. WATER CODE ANN. § 26.342(9). Further, Vickery contends Stanley is the owner while Stanley claims he is not, placing ownership in dispute. Therefore, under the statutory definition of "owner," Stanley, as the fee simple owner of the surface estate on which the tank system is located, is considered the owner of the system until he can prove

otherwise. *Id*. Finally, as operator of the store and gas station, Stanley had day-to-day control of the tank system. *See* TEX. WATER CODE ANN. § 26.342(8). Pursuant to the powers conferred on him by the water code, Vickery was authorized to allege that Stanley was the owner of the storage tanks without first proving ownership.

Under these facts, Vickery had the discretion to file enforcement proceedings against Stanley concerning the underground storage tanks on his land. Because Vickery had legal authority to do so, he did not commit an ultra vires act when he alleged that Stanley is the owner of the underground storage tanks on his land and attempted to enforce the provisions of Chapter 26. *See **Heinrich***, 284 S.W.3d at 372; ***Montemayor***, 86 S.W.3d at 267. In the absence of an ultra vires act, Vickery enjoys sovereign immunity. *See **Jones***, 8 S.W.3d at 638. Therefore, the trial court should have granted Vickery's plea to the jurisdiction. *See **Miranda***, 133 S.W.3d at 225-26. We sustain Vickery's first issue.

## EXCLUSIVE JURISDICTION

In his second issue, Vickery contends the trial court lacks jurisdiction based on several different theories, including the doctrine of exclusive jurisdiction. Specifically, he asserts that TCEQ has, pursuant to a pervasive regulatory scheme, exclusive jurisdiction of the regulation of underground storage tanks.

### Applicable Law

We presume that district courts are authorized to resolve disputes unless the constitution or other law conveys exclusive jurisdiction on another court or administrative agency. ***In re Entergy Corp.***, 142 S.W.3d 316, 322 (Tex. 2004) (orig. proceeding). The UDJA cannot be invoked when it would interfere with some other entity's exclusive jurisdiction. ***MBM Fin. Corp. v. Woodlands Operating Co., L.P.***, 292 S.W.3d 660, 669 (Tex. 2009). An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. ***Subaru of Am., Inc. v. David McDavid Nissan, Inc.***, 84 S.W.3d 212, 221 (Tex. 2002). Whether an agency has exclusive jurisdiction is a matter of law that we review de novo by examination and construction of the relevant statutory scheme. *Id*. at 221-22. If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction. *Id*. at 221.

5

As explained above, TCEQ is authorized to develop a regulatory program regarding underground storage tanks and may institute legal proceedings to compel compliance with the water code. *See* TEX. WATER CODE ANN. §§ 7.002, 26.345. Furthermore, it may hold hearings, receive evidence, make decisions, and issue orders to administer the provisions of and to effectuate the purposes of Chapter 26. TEX. WATER CODE ANN. §§ 26.019, 26.020 (Vernon 2008). Finally, TCEQ may assess an administrative penalty against a person who violates a provision of the water code. TEX. WATER CODE ANN. § 7.051(a) (Vernon 2008).

## Analysis

The water code provides a comprehensive plan for regulation of storage tanks to address the issue of possible groundwater contamination. Moreover, Chapter 26 of the water code constitutes a comprehensive scheme intended by the legislature to be the exclusive means of remedying the problem of contamination of ground water by use of underground storage tanks, and TCEQ has exclusive jurisdiction over compliance with that chapter. *See Subaru of Am., Inc.*, 84 S.W.3d at 221. Therefore, Stanley cannot invoke the UDJA because it would interfere with TCEQ's exclusive jurisdiction. *See MBM Fin. Corp.*, 292 S.W.3d at 669. The issue of whether Stanley is actually the owner of the tanks is properly determined through the administrative process as provided for in the water code. A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review. TEX. GOV. CODE ANN. § 2001.171 (Vernon 2008); TEX. WATER CODE ANN. § 7.064 (Vernon 2008). Thus, Stanley must first exhaust his administrative remedies through the enforcement proceeding initiated by Vickery and TCEQ before a trial court has subject matter jurisdiction. *See Subaru of Am., Inc.*, 84 S.W.3d at 221. We sustain Vickery's second issue to the extent he relies on the doctrine of exclusive jurisdiction. We need not address the remainder of Vickery's arguments in his second issue or his third issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Vickery, by applying the statutory definition of "owner," was authorized to file enforcement proceedings against Stanley. Therefore, Vickery did not engage in an ultra vires act. Because the suit does not fall within the ultra vires exception, Vickery is shielded from suit

by sovereign immunity. Therefore, the trial court did not have subject matter jurisdiction. Further, TCEQ has exclusive jurisdiction over the subject matter of this suit.

We *reverse* the trial court's judgment and ***dismiss*** this cause ***with prejudice***. *See **Harris County v. Sykes***, 136 S.W.3d 635, 640-41 (Tex. 2004).

**BRIAN HOYLE**
Justice

Opinion delivered November 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

7